*Court of Common Pleas, Dauphin County, December 19th,* 1859.

FACKLER *v.* BALE.

A person cannot claim the benefit of the three hundred dollar exemption law after his property has been sold at sheriff's sale, even when the lien upon which it was sold had been filed against a former owner of the property prior to the act of April 9th, 1849. The act of April 8th, 1859, made no change in this particular. If a judgment has been entered against a man after his property has been sold at sheriff's sale, it is no lien, and the debtor is entitled to take the surplus out of court after discharging existing incumbrances.

BY THE COURT.—By the case as stated, it appears that Mr. Bale, the defendant, now claims to retain three hundred dollars under the acts of 1849 and 1859. The property was sold, and

deed acknowledged therefor by the sheriff in April, 1859; and no claim was presented under the act of Assembly for any portion of the money until the September following. It has been repeatedly decided by our Supreme Court that, unless the sheriff is notified by the defendant before advertising the property for sale, that he claims to have the benefit of three hundred dollars out of the real estate, it cannot be allowed. The appraisement must precede the advertisement, and might be simultaneous with or before the inquisition. There is no right in the defendant to take money, except where land cannot be set apart without prejudice to the portion retained for sale (Miller's Appeal, 4 H. 300; Weaver's Appeal, 6 H. 307; Dodson's Appeal, 1 C. 232). Many other cases might be cited to the same effect. It is perhaps thought that, as the execution in this case issued on a judgment entered against a former owner of the estate, prior to 1849, that no appraisement could be demanded. We are of the opinion that the owner is not without remedy in such cases. He must either pay off the earlier judgment, as was held in regard to personal property in Harleman *v.* Buck (6 C. 267), or can pursue the course pointed out on writs of *levari facias* founded on mechanics' liens, give notice to have it appraised and set apart, after satisfying the liens. In no case can the party demand money, where he might have obtained land, or take the money out of court, where he has neither made a demand nor given notice of his claim until after the sheriff's sale. It is contended, however, that a material change on this subject is effected by the act of April 8th, 1859. We do not consider that the act referred to has any application to the present case. It mainly relates to the election of widows and heirs to retain the three hundred dollars out of money, judgments, or other indebtedness belonging to the estate of decedents; it also covers the case of every person entitled to the exemption provided for in the former act. But how are they to obtain the money? We answer, in the mode pointed out in the act, *by retaining it.* Prior to the passage of the act of 1839, if a debtor held "banknotes, money, stocks, judgments, or other indebtedness," he could not lawfully retain any portion thereof from his creditors, but all were subject to seizure by execution, attachment, or other process; or he could be obliged to surrender them. The only objects of lawful retention were real and personal property. The latter he was obliged in all cases to retain in kind; could in no event obtain the money into which the articles were converted. The former must also be retained in like manner, except where it could not be set apart without prejudice to the whole. The courts had always held that the widow and children were confined in their selection to the personal effects, and could not claim money or choses in action in any event. Real estate was to be taken by them as by the debtor in execution. It was decided that in no

[Fackler *v.* Bale.]

event could a debtor claim any portion of the money arising from the sale of his personal property (7 H. 255). Demand of an appraisement must be made before the property was set up for sale (1 C. 182). The law has undergone no change as to the right to obtain money from the officers effecting sales of real or personal property. The act of 1859 has no application to such cases, but to those of another class; it permits the debtor to *retain*, not to *obtain* the money from the officer. If a sale is effected, the proceeds must be distributed as before the act of 1859. Therefore, we are of the opinion that the defendant cannot recover any portion of the proceeds of this sale under the three hundred dollar law. What his rights might have been under the particular circumstances of this case, had he given notice of his claim before the sale of the property, we are not called upon to decide. Very probably he might have been entitled to the money, as he could not lawfully have demanded an appraisement under the execution in the hands of the sheriff. It might be assimilated to a sale on a mortgage (Hill *v.* Johnson, 5 C. 362). But we are clearly of the opinion that he is too late after the sale is effected, although the money remains in the hands of the sheriff. The lien existing in the present case being prior to the sale by the sheriff, the plaintiff in the case stated is entitled to judgment for his debt, interest, and costs, which is directed to be entered accordingly.

The judgment in favor of John Muench, No. 126, January Term, 1859, stands on a different footing. It was entered two days after the sheriff's sale, and consequently is no lien, if the sale alone, without the acknowledgment of the deed, divested the title. The case as stated is defective in this,—it does not state where the deed was executed. It was decided that a judgment entered after the sale, but before the acknowledgment of the deed, was no lien, and could claim no portion of the purchase-money. Hahn *v.* Smith (1 Penna. 484). It is true in that case, the surplus money had been previously assigned; but that, we conceive, can make no difference at law. In Small's Appeal (12 H. 398) the money was awarded to a judgment entered on the same day with the sale, whilst no portion was given to those who filed a few days afterward. The case of Hahn *v.* Smith is there fully recognized. In Morrison *v.* Wurtz (7 W. 437) it is decided that a purchaser at sheriff's sale has such an inceptive right before the deed is acknowledged, as is bound by a judgment entered against him. And in Stoever *v.* Rice (3 Wh. 21) that a purchase under a mortgage, although the deed was never acknowledged, so entirely divests the title, that a subsequent sale is a nullity. The same principle is recognized in Bellas *v.* McCarty (10 W. 21).

The date of the sheriff's sale, and not the acknowledgment of

the deed, is the time at which interest ceases on the judgment, and to which all calculations relate.

We do not notice any alleged defect in the judgment, as the case, if properly stated, must admit them to be regular. It is a defective mode of stating cases to refer to the judgment merely by number and term, without making it expressly a portion of the case, and admitting its correctness, or in terms, raising a question on its form. The debtor, who is the owner of the property at the time of sale, is entitled to take the surplus out of court after paying off the first-named judgment, as already stated.